Mathews, J.
delivered the opinion of the court. This suit was brought by the plaintiff to recover her portion of the estate of her mother, as co-heir with the dafendant and others. He is sued as executor of the will of the mother of both parties and the plaintiff claims her distributive share of the estate in conformity with, and to the amount of a sale, made by the parish judge, under an agreement *88 between John Archinard and the defendant, for the purpose of effecting a division of the estate of C. Archinard and that of his wife, the ancestor of the parties to the present suit.
West'n District.
September, 1820
The answer denies all the allegations of the petition and contains also a plea of abatement to the action, on account of the want of authority in the attorney, who instituted it. Both parties, being dissatisfied with the judgment of the district court, appealed.
As to the plea in abatement, we are of opinion that the court below was correct in disregarding it.
The action is commenced by a counsellor and attorney, regularly admitted and licensed to practise as such, in all courts of justice of this state. He is a sworn officer, bound by his oath as well by the principles of integrity and honour, which ought to characterise the profession of which he is a member to act correctly in its pursuits. Thus situated, it is not to be presumed, that he acted, in the present case, without proper authority. On the contrary, every presumption is in favour of his having pursued a proper course of conduct, unless the contrary should be suggested, by the opposite party, on affidavit. It is true that an attorney of the court may be deceived, by the conduct of others, so as to undertake to represent a person, from whom there is no authority to that effect-and, on a *89 suggestion of an error of this kind, upon affidavit, it would become the duty of the court to ascertain the truth.
The sale made by the parish judge at the request of John Archinard and the defendant, in the present suit (the one representing his deceased mother, as executor to her will, the other as heir to the late C. Archinard) was a cant or licitation between the parties for the purpose of dividing the property, which had been held in common by their ancestors, by which they would perhaps have been bound, had either party insisted on it. At the time that this transaction took place, there was a suit still pending between the parties, relating to their rights to the common property of C. Archinard and his wife, the textatrix of the defendant, in which a decree was rendered by a competent tribunal, directing the whole property of both estates to be sold at auction and pointing the manner, in which the proceeds were to be divided. When this decree was rendered, neither party opposed to it the cant, which had previously taken place, and which seems to have been considered as null and void, by common consent. Cant or licitation is a mode of dividing property held in common by two or more persons and may be avoided by the consent of all those who are interested, in the same manner that any other *90 contract or agreement may be avoided, which is entered into by consent of parties.
It is clear that the decree of the late territorial court does not vitually annul the proceedings of the parish judge in the licitation made at the request and by the consent of the parties.
R. E. Cuny, as executor of his mother’s will, had a right to act for all the persons who claimed an interest in her succession. By a judgment of the superior court of the late territory, this succession has been sold publicly—which was considered to be necessary and proper, in order to separate it from that of the late C. Archinard, and we are of opinion that the amount produced by the sale, establishes the value of the estate of the testatrix, as it should be divided among her heirs.
Since the appeal, some objections have been made to the validity of Mrs. Archinard’s will. It is subscribed by five witnesses, and was proven before the judge of probates by four (a number more than sufficient to render it executory) and has been acted under by the executor, in every thing which relates to its disposition till the present time. Being cloathed with all the formalities required by law, its validity could only be questioned by attacking the genuineness of its execution, which has not been done in due form.
It is therefore, ordered, adjudged and decreed, *91 that the judgment of the district court be affirmed with costs.
Baldwin for the plaintiff, Johnson for the defendant.